# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO.  18-cr-138 (PLF)** |
| | : | |
| **v.** | : | |
| | : | |
| **WALTER MABRY,** | : | |
| **Defendant.** | : | |
| | : | |

## MEMORANDUM OPINION AND ORDER

Defendant was charged by indictment with four counts: one count of unlawful possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); one count of unlawful possession with intent to distribute amphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(E)(i); one count of unlawful possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1); and one count of using, carrying, and possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1).  He made his initial appearance before the undersigned on May 16, 2018.  At that hearing, the government sought Defendant's detention pending trial.  Counsel for Defendant, however, asked that the Court order Defendant to undergo an initial mental competency screening, and that further proceedings be put off until his competency was determined.  The Court granted Defendant's request.  [Dkt. 5].

On May 18, 2018, a psychologist from the District of Columbia Department of Behavioral Health examined Defendant and concluded that Defendant was competent to stand trial and was likely malingering to avoid participating in his court proceedings in this case.  Nevertheless, based on representations made by Defendant's counsel after consultation with Defendant and with members of Defendant's family, on May 21, 2018, the Court found that there was reasonable cause to believe that a full mental competency evaluation of Defendant was warranted.  Accordingly, on Defendant's motion, the Court ordered him remanded to the custody of the Attorney General of the

United States for a period not to exceed 30 days for placement in a suitable facility for a full competency evaluation pursuant to the provisions of 18 U.S.C. §§ 4241, 4247(b) and (c), and Local Criminal Rule 57.17(a)(14). [Dkt. 6]. Defendant's arraignment and detention hearing were again put off until his competency was determined.

Defendant's transportation to the facility was plagued by delays. He was not designated to an appropriate facility—the Metropolitan Detention Center in Los Angeles, California ("MDC-L.A.")— until May 30, 2018. [Dkt. 11 at 3]. He did not leave the District of Columbia until June 12, 2018. *Id.* at 4. On June 22, 2018, he was still at the Federal Transfer Center in Oklahoma City, Oklahoma. *Id.* at 5. He finally arrived at MDC-L.A. on June 28, 2018. *Id.* at 5. On July 2, 2018, the warden of MDC-L.A. sought, pursuant to 185 U.S.C. § 4247(b), an extension of fifteen days to complete the evaluation. [Dkt. 12]. Because neither party objected to the request, the Court extended the time to complete Defendant's mental competency evaluation until August 13, 2018. [Dkt. 22]. His evaluation was completed on August 20, 2018. [Dkt. 24 at 3]. The Court received the forensic evaluation of Defendant on September 6, 2018.

The forensic report found that, although Defendant reported symptoms of depression, "the symptoms he experiences do not impair his present ability to understand the nature and consequences of the court proceedings against him, or his ability to properly assist counsel in his defense." Forensic Evaluation at 24. Monitored phone calls between Defendant and family and friends placed during his evaluation showed clear, coherent, and goal-directed verbal behavior, adequate recall of events and procedures, and fluid speech and articulation, with no signs of a formal thought disorder or of psychotic process. *Id.* at 9, 12. Defendant "was able to offer relevant and meaningful information to [his] evaluator regarding both historical and legal matters." *Id.* at 24.

The evaluator noted that Defendant's level of cooperation and effort was suspect. While he reported experiencing memory problems and frequently answered legally-focused questions with the response, "I don't know," he was able to provide adequate responses upon further inquiry. *Id.* at 12. Testing designed to determine whether Defendant was malingering or exaggerating cognitive defects indicated that he "put forth poor effort and attempted to appear more impaired than his true level of functioning," which was in the low average range. *Id.* at 13. The evaluator concluded that Defendant's "presentation is suggestive of a deliberate attempt to evade criminal prosecution" and that any "inability and/or unwillingness to cooperate in the legal proceedings appear volitional in nature and not the product of a genuine mental illness." *Id.* at 24.

A competency hearing as required by 18 U.S.C. §§ 4241(c) and 4247(d) was held on September 11, 2018. At that hearing, neither Defendant's counsel nor the government objected to the findings and conclusions of the forensic evaluation. Accordingly, for the reasons stated on the record at the hearing and in this Order, it is hereby

**ORDERED** that upon consideration of the entire record herein, the undersigned finds by a preponderance of the evidence that Defendant has a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960).

**SO ORDERED.**


Date:  September 11, 2018          _____
                                  G. MICHAEL HARVEY
                                  UNITED STATES MAGISTRATE JUDGE